Although I concur in the opinion of the court in all other respects, I do not agree that the failure to object to the admission of evidence at a hearing on a preliminary objection waives any objection that might be had to the admission of the evidence at a subsequent hearing on the permanent injunction. I find nothing in Civ.R. 65(B)(2) to require that result. That subdivision merely permits otherwise admissible evidence that was introduced at the hearing on the preliminary injunction to be considered at the trial on the merits, i.e., the hearing on the permanent injunction, without having to be reintroduced in evidence. It is specifically qualified by the phrase, "which would be admissible upon the trial on the merits." I find nothing in the Rule that would work a waiver of an objection to admissibility, at the hearing on the permanent injunction, because of a failure to have objected to admissibility of the evidence at the hearing on the preliminary injunction.
The construction of Civ.R. 65(B)(2) announced by the court could work a great injustice in a case where a hearing on a preliminary injunction is, appropriately, urgently expedited, with the result that the party resisting the preliminary injunction is not able to obtain counsel prior to the hearing, and consequently fails to object to evidence that would otherwise be inadmissible. In that case, the party's retained counsel at the subsequent hearing on the permanent objection would, under this court's construction of Civ.R. 65(B)(2), be powerless to object to the evidence at that time. Again, I find nothing in Civ.R. 65(B)(2) to compel such an unjust result.
I would sustain Ramey's Third Assignment of Error, with respect to the trial court's admission of evidence at the hearing on the permanent injunction to which he properly objected at that time, reverse the judgment enjoining his use of the premises, and remand this cause for a new trial on all issues. I concur in this court's disposition of Ramey's other assignments of error.
Copies mailed to:
Robin B. DeBell, Esq., Rodd S. Lawrence, Esq., Linda J. Lawrence, Esq. Hon. Gerald F. Lorig